| Filed By: MARCUS FOSTER | Filed: 7/31/2019 3:21 PM | Number: CV2019-001046 | LEE County | Judge: JDM |

Marcus Foster, Pro Se
Rebecca Foster, Pro Se
2004 Hummingbird Lane
Tupelo, MS 38801
[662-610-0228]
[moerome@bellsouth.net]

USDC No. 1:19cv201-DMB-RP

COUNTY COURT
COUNTY OF LEE STATE OF MISSISSIPPI

MARCUS FOSTER PRO SE, REBECCA FOSTER, PRO SE

    Plaintiffs,

vs.

RELIANCE FIRST CAPITAL, LLC, DOVENMUEHLE MORTGAGE INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., US BANK, NA AS TRUSTEE FOR SECURITIZED TRUST GINNIE MAE GUARANTEED REMIC 2017-005 TRUST, GINNIE MAE, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, ("MERS"), AND DOES 1 THROUGH 100 INCLUSIVE, *et al.*

    Defendants

Case No.: CV2019-001046

PLAINTIFF'S COMPLAINT FOR: BREACH OF CONTRACT, QUIET TITLE, AND DECLARATORY RELIEF

**PLAINTIFF'S COMPLAINT FOR: BREACH OF CONTRACT, QUIET TITLE, AND DECLARATORY RELIEF**

EXHIBIT
1

COMES NOW the Plaintiffs, Marcus Foster, Pro se and Rebecca Foster, Pro se ("Plaintiffs"), complaining of the Defendants as named above, and each of them, as follows:

## JURISDICTION

1. Venue is proper in Lee County, as the actions complained of occurred in Lee County. This Court has jurisdiction over this matter pursuant to the State Constitution and statute.

## THE PARTIES

2. Plaintiffs are now, and at all times relevant to this action, residents of the County of Lee, State of Mississippi.

3. At all times relevant to this action, Plaintiffs owned and has superior claim to the Real Property (the "Home") located at 2004 Hummingbird Lane, Tupelo, MS 38801.

4. Defendant Reliance First Capital, LLC is a Limited Liability Company doing business in the County of Lee, State of Mississippi. Plaintiffs are informed and believe and thereon allege that Reliance First Capital, LLC is the Original Lender.

5. Defendant US Bank, NA is a National Association doing business in the County of Lee, State of Mississippi. Plaintiffs are informed and believe and thereon allege that US Bank, NA is the Trustee of the Ginnie Mae Guaranteed REMIC 2017-005 Trust.

6. Defendant Ginnie Mae is a Government Sponsored Entity doing business in the County of Lee, State of Mississippi. Plaintiffs are informed and believe and thereon allege that Ginnie Mae is the Servicer of Plaintiffs loan.

7. Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. is a corporation doing business in the County of Lee, State of Mississippi. Plaintiffs are informed and believe and thereon allege that Merrill Lynch, Pierce, Fenner & Smith, Inc. is the Sponsor of the Ginnie Mae Guaranteed REMIC 2017-005 Trust.

8. Defendant Depositor is an as-of-yet unidentified corporation doing business in the County of Lee, State of Mississippi. Plaintiffs are informed and believe and thereon allege that Defendant is the Depositor.

9. Defendant, Mortgage Electronic Registration Services, Inc., aka MERS ("MERS"), MERS is doing business in the County of Lee, State of Mississippi. Plaintiffs are informed and believe, and thereon allege that MERS was acting in the capacity of electronic agent as agent as a purported Nominee/Beneficiary for Reliance First Capital, LLC under the Deed, subsequently acting in a capacity of bailor/bailee for

each successor defendant of bankruptcy remote Special Purpose Vehicle GNMA 2017-055 Trust.

10. Plaintiffs do not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiffs, or claims some right, title, or interest in the Property. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained through discovery. Plaintiffs are informed and believe, and therefore allege that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiffs so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

11. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

## GENERAL ALLEGATIONS

12. This is an action brought by Plaintiffs for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages.

13. Plaintiffs, homeowners, dispute Defendants' superior colorable claim to legal title and equitable title of the Prime Market Real Property in question (hereafter, the "Real Property"), which is the subject of this instant action. Plaintiffs are the owners of the property by Grant Deed and Deed of Trust (Exhibit A, Exhibit B).

14. Plaintiffs are informed and believe, and thereon allege that Defendants participated in a transactional scheme whereby a purported Tangible Note is converted/exchanged for a Payment Intangible asset to provide an alternative investment offering via Special Deposit to certificate or bond holders which were expected to be relatively safe; which, were offered by Wall Street Firms to the secondary market through purported mortgage backed securities. (Exhibit C) OCC Asset Securitization Manual 1997, Pg. 23



15. Plaintiffs are informed and believe, and thereon alleges that, certain tax laws known as the Real Estate Mortgage Investment Conduit (hereafter, REMIC) Tax Reform Act of 1986 were to be observed, and whereby the Non-Depository Payor Banks and Issuing Entities REMIC would be protected from either entity going into bankruptcy. To achieve the desired "bankruptcy remoteness," purported numerous "True Sales" of Plaintiffs' Tangible Note would have had to of occurred by operation of All applicable law.

16. Plaintiffs are further informed and believe, and thereon allege that there was no "True Sale" of Plaintiffs' Tangible Note, a circumstance whereby Reliance First Capital, LLC sold Plaintiffs' Tangible Note to the "buyer/seller" Merrill Lynch, Pierce, Fenner & Smith, Inc. in an ordinary course of business by offer, acceptance, delivery and consideration given for full value of the entire instrument. (Exhibit D) Real Estate and the Tax Reform Act of 1986.

17. The Original Lender, Reliance First Capital, LLC, purports to have negotiated in accordance to all applicable laws the Tangible Note obligation in an ordinary course of business to successor Defendants. Plaintiffs are informed and believe, and thereon allege that Reliance First Capital, LLC has unlawfully purported to assign, transfer, or convey its interest in Plaintiffs' Note on or before the Closing Date of GNMA 2017-055 Trust. Plaintiffs are informed and believe, and thereon allege that Reliance First Capital, LLC

never negotiated the Tangible Note by operation of law for full value in accordance with all applicable law to Merrill Lynch, Pierce, Fenner & Smith, Inc.

18. Defendants deployed MERS as an electronic agent under the Constructive Deed of Trust as nominee/beneficiary for each successor Defendant as bailor/bailee to streamline a purportedly hypothecated security interest "Secret Liens" over the Payment Intangible after acquired collateral unlawfully construed as "Proceeds" of Plaintiffs' Real Property. Plaintiffs are informed and believe, and thereon allege that MERS only tracks and updates ownership of the Payment Intangible registered with the MERS database software system; MERS cannot transfer the beneficial right to the Tangible Accommodated Note instrument; a legitimate "True Sale" of a Tangible Note instrument can only be transferred in an ordinary course of business by proper negotiation for full value, transfer and delivery by operation of all applicable law. (Exhibit E) MERS Procedural Manual (Exhibit F) MERS Patent.

19. Plaintiffs are further informed and believe, and thereon allege that payment for full value of the entire instrument was executed in an ordinary course of business from Merrill Lynch, Pierce, Fenner & Smith, Inc. to Reliance First Capital, LLC. There are no documents or records Defendants can be produced that demonstrate that prior to the April 28, 2017 closing date for the GNMA 2017-055 Trust, the Tangible Note was duly indorsed, transferred and delivered to GNMA 2017-055 Trust in an ordinary course of business by operation of all applicable law, including all intervening transfers including any purported transfers in the personal property Payment Intangible. Nor can any documents or records be produced that demonstrate that prior to April 28, 2017, the Deed of Trust was duly assigned, transferred and delivered to GNMA 2017-055 Trust, via the Custodian of Records, US Bank, NA, including all Secret Liens purportedly securing the Payment Intangible intervening transfers/assignments.

20. Plaintiffs further allege that any documents i.e., MERS Assignment of Deed of Trust that purport to transfer a hypothecated beneficial security interest over the Payment Intangible underlying collateral of the Tangible Note or Bill of Exchange to GNMA 2017-055 Trust after the Closing Date April 28, 2017 are void as a matter of law; no security interest in the Real Property was perfected in the name of any of the successor Defendants. The alleged holder of the Tangible Note is not the beneficiary of the Deed of Trust. The alleged

beneficiary of Plaintiffs' Deed of Trust, MERS, does not have the requisite title, perfected security interest or standing to proceed in a foreclosure; and/or is not the real party in interest as agent or nominee to any action taken or to be taken against the Real Property by successor Defendants. Plaintiffs are also informed and believe, and thereon allege that at all times herein mentioned, any assignment of a Deed of Trust without proper transfer in an ordinary course of business of the Tangible Note that it secures is a legal nullity by operation of law. Plaintiffs are informed and believe, and thereon allege that the GNMA 2017-055 Trust had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of herein below.

21. Plaintiffs allege that Defendants, and each of them, cannot establish possession, show proper receipt, transfer, negotiations, assignment and ownership of the Tangible Note or Deed of Trust, resulting in imperfect security interests and claims; therefore, none of the Defendants have perfected any colorable claim of title or security interest in the Real Property. Defendants, and each of them, cannot establish that the Deed of Trust purportedly securing the Tangle Note, were legally or properly acquired in accordance to all applicable law. Plaintiffs therefore allege, upon information and belief, that none of the parties to transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Real Property; and that all Defendants are equitably estopped and precluded from asserting an unsecured claim against Plaintiffs' estate.

22. Plaintiffs allege that an actual controversy has arisen and now exists between the Plaintiffs and Defendants, and each of them. Plaintiffs desire a judicial determination and declaration of its rights about the Real Property and the corresponding Tangible Note and Deed of Trust.

23. Plaintiffs also seek redress from Defendants identified herein for damages, for other injunctive relief, and for cancellation of written instruments based upon:
    a. An invalid and unperfected security interest in Plaintiffs' Real Property hereinafter described;
    b. Void "True Sales;"
    c. An incomplete and ineffectual perfection of a security interest in Plaintiff's Real Property

**STATEMENT OF PERTINENT FACTS**

24. Plaintiffs had a Forensic Chain of Title Securitization Analysis completed by qualified expert in to verify the claims of this complaint. (Exhibit G) Affidavit of Michael Carrigan
25. Plaintiffs are the Superior Recorded owners of the Prime Market Property. (Exhibit A) Grant Deed.
26. Plaintiffs issued a Promissory Note to facilitate a loan in the amount of $214,347.00 to Reliance First Capital, LLC.
27. Plaintiffs pledged a Constructive Deed of Trust granting Legal Title to Accommodate Reliance First Capital, LLC to file against Plaintiffs' Superior Claim to Title filed in the Official Records of the Lee County Recorder's Office on March 17, 2017 as ins# 2017.3343. (Exhibit B) Deed of Trust.
28. The purported Mortgage loan contracts between the parties are specific as to the duties of each party.
29. On or before April 28, 2017, the Closing Date of the Trust, Plaintiffs' Note was sold to the GNMA 2017-055 Trust.
30. There is no contemporaneous assignment of Plaintiffs' Deed of Trust to the Trustee of the GNMA 2017-055 Trust.
31. Plaintiffs' Note and Deed of Trust are irreparably separated.
32. Plaintiffs allege that only the Depositor is the rightful party that can convey the asset into the trust pursuant to investor offering documents as filed with the Securities and Exchange Commission.

**PROPERTY**

33. The Real Property description which is the subject of this suit is commonly known as 2004 Hummingbird Lane, Tupelo, MS 38801.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against Defendant Reliance First Capital, LLC/MERS)**

34. Plaintiffs re-allege and incorporate by reference all previous paragraphs as though fully set forth herein.
35. The terms of the mortgage contract are clear.
36. Pursuant to paragraph 23 – Release, Defendant Reliance First Capital, LLC and specifically MERS, their electronic agent, was obligated to satisfy, release and reconvey

the beneficial security interest in Plaintiffs' pledged Deed of Trust upon payment of all sums associated with the release premium to Reliance First Capital, LLC for Accommodated Party services rendered.

37. Defendant Reliance First Capital, LLC was paid in full when it sold and relinquished its interest in Plaintiffs' real property to Depositor.

38. Defendant Reliance First Capital, LLC failed to satisfy, release and reconvey the security instrument, thus breaching the terms found in paragraph 23 of the Deed of Trust.

## SECOND CAUSE OF ACTION
## QUIET TITLE

39. Plaintiffs re-allege and incorporate herein by reference all previous paragraphs as though fully set forth herein.

40. All Defendants named herein claim an interest and estate in the property adverse to Plaintiffs in that Defendant asserts it is the owner of the note secured by the Deed of Trust to the property the subject of this suit.

41. All Defendants named herein claims an interest and estate in the Real Property adverse to Plaintiffs in that Defendants' asserts to be the owner of Tangible Note secured by the Deed of Trust to the Real Property, the subject of this suit.

42. The claims of all Defendants are without any legal right whatsoever, and Defendants have no estate, title, lien or interest in or to the Real Property, or any part of the Real Property.

43. The claim of all Defendants herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to Plaintiffs' title, and these claims constitute a cloud on Plaintiffs' title to the Real Property.

44. Plaintiffs, therefore allege upon information and belief, that none of the Defendants in this case hold a perfected and secured claim in the Real Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiffs' Real Property.

45. Plaintiffs request the decree permanently enjoin Defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to Plaintiffs' title to the property; and

46. Plaintiffs request the court award Plaintiffs' costs of this action, and such other relief as the court may deem proper.

### THIRD CAUSE OF ACTION
### DECLARATORY RELIEF

47. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

48. An actual controversy has arisen and now exists between Plaintiffs and Defendants specified hereinabove regarding Plaintiffs' respective rights and duties in the subject note and security instrument. Plaintiffs request a judicial determination of the rights, obligations and interest of the parties regarding the subject property, and such determination is necessary and appropriate under the circumstances so that all parties may ascertain and know their rights, obligations and interests regarding the subject property.

49. Plaintiffs should be the equitable owner of the Subject Property.

50. Plaintiffs seek to quiet title as of the date of the filing of this Complaint. Plaintiffs seek a judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that the Defendants be declared to have no interest estate, right, title or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights.

### PRAYER

WHEREFORE PREMISES CONSIDERED as Prayer for Relief, and for the foregoing reasons, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiffs be awarded judgment:

- Declaring that Defendants lack any interest in the subject property which would permit them to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject properties;
- Declaring that the trust deed is not a lien against the subject properties, ordering the immediate release of the trust deed of record, and quieting title to the subject properties in Plaintiffs and against Defendants and all claiming by, through or under them;
- A refund of any wrongfully or improperly collected fees and payments to Defendants to which it had no right;

- Pre- and post-judgment interest at the maximum rate allowed by law;
- Attorney's fees;
- Monetary relief over $100,000 but not more than $2,000,000.00; and
- Such other and further relief at law and/or in equity to which Plaintiffs may be justly entitled including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as are allowed by law.

Dated: 31 May 2019

Marcus Foster, Pro Se
2004 Hummingbird Lane
Tupelo, MS 28801

Rebecca Foster, Pro Se
2004 Hummingbird Lane
Tupelo, MS 28801

**VERIFICATION**

We, Marcus Foster, Pro se, and Rebecca Foster, Pro se are the Plaintiffs in the above entitled matter and have personal knowledge to testify to the matters stated therein. We have read the facts and allegations and declare under penalty of perjury in and for the State of Mississippi that the above is true and correct to the best of our knowledge.

Marcus Foster, Pro Se
2004 Hummingbird
Lane Tupelo, MS 38801

Rebecca Foster, Pro Se
2004 Hummingbird Lane
Tupelo, MS 38801

On the 31 day of MAY, Marcus Foster and Rebecca Foster, known to me appeared before me and executed the above document.

*Lois Cook*
NOTARY

My Commission expires on _____.

[Notary Seal: STATE OF MISSISSIPPI, LOIS COOK, ID No. 67437, NOTARY PUBLIC, Comm. Expires March 11, 2021, LEE COUNTY]

[Court Seal: LEE COUNTY COUNTY COURT, Camille Roberts Dulaney, CLERK, MISSISSIPPI]

FILED
TIME _____ AM/PM
JUL 3 1 2019

# EXHIBITS

Exhibit A:   Grant Deed
Exhibit B:   Deed of Trust
Exhibit C:   OCC Asset Securitization Manual, Pg. 23
Exhibit D:   Real Estate and the Tax Reform Act of 1986
Exhibit E:   MERS Procedural Manual
Exhibit F:   MERS Patent
Exhibit G:   Certified Forensic Audit by Michael Carrigan



FILED
TIME_____ A/PM
JUL 3 1 2019