IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| MARCUS FOSTER and REBECCA FOSTER,  Plaintiffs,  v.  RELIANCE FIRST CAPITAL, LLC, DOVENMUEHLE MORTGAGE, INC., MERRILL, LYNCH, PIERCE, FENNER AND SMITH, INC., US BANK, NA AS TRUSTEE FOR SECURITIZED TRUST GINNIE MAE GUARANTEED REMIC 2017-005 TRUST; GINNIE MAE; MORTAGE ELECTRONIC REGISTRATION SYSTEM ("MERS"); and DOES 1 THROUGH 100 INCLUSIVE, et al.,  Defendants. | Case No. 1:19-cv-00201-DMB-DAS |

## DOVENMUEHLE MORTGAGE, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Dovenmuehle Mortgage, Inc. ("DMI") and file this Brief in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6),[1] respectfully showing this Honorable Court as follows:

---

[1] DMI filed a Motion to Dismiss in state court prior to removal. *See* [Doc. 5-3]. This revised motion is being filed due to the change in pleading rules between state and federal court.

1

## FACTUAL BACKGROUND

The instant action is an attempt by two pro se plaintiffs to invalidate a Deed of Trust encumbering the property located at 2004 Hummingbird Lane, Tupelo, Mississippi 38801 (the "Property") and to obtain title to the land despite failing to establish any right to relief. In their Complaint, Marcus and Rebecca Foster ("Plaintiffs") claim that they obtained a loan in the amount of $214,347.00 from Reliance First Capital, LLC ("Loan") and that they executed a Promissory Note ("Promissory Note") as evidence for the debt. [Doc. 2], ¶ 26. As security for the Loan, Plaintiffs also admit that they executed a Deed of Trust into Reliance First Capital, LLC and filed the Deed of Trust for record in the Lee County Recorder's Office at Instrument Number 2017.3343 (the "Deed of Trust"). [Doc. 2], ¶¶ 13, 19, 27, 36, 38. Plaintiffs go on to allege that sometime later, the Promissory Note and Deed of Trust were transferred to a securitized Trust through a "Secret Lien" transaction orchestrated by Defendants Mortgage Electronic Registration Systems, Inc., Merrill, Lynch Pierce, Fenner & Smith, and U.S. Bank, as the purported custodian of records for Defendant Ginnie Mae. [Doc. 2], ¶ 19.

On July 31, 2019, Plaintiffs' filed their Complaint containing three stated counts for Breach of Contract, Quiet Title, and Declaratory Relief, and requesting that this Court vest title in them free and clear of their outstanding mortgage obligation. *See generally* [Doc. 2]. The Complaint details a series of alleged actions

2

relating to purported transfers of the Promissory Note, assignments of the Deed of Trust, and unspecified "secret lien" transactions. *Id.* Notably, Plaintiffs do not aver that DMI was a party to any of the purported actions related to their claims. *Id.* In fact, Plaintiffs do not make any allegations against DMI, involving DMI, or relating to DMI to justify DMI's inclusion as a party to the Complaint. *Id.* Plaintiffs' sole mention of DMI in the entire pleading is within the case style and no substantive reference is made to DMI whatsoever. [Doc. 2], p. 1. Accordingly, Plaintiffs have failed to allege any claim whatsoever against DMI and the Complaint must be dismissed against it.

## ARGUMENT AND CITATION OF AUTHORITY

### A. STANDARD OF REVIEW

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Ashcroft*, 556 U.S. at 679. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

3

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

**B.     PLAINTIFFS FAIL TO STATE A CLAIM AGAINST DMI**

Plaintiffs' Complaint fails to state a claim for relief and must be dismissed. In their Complaint, Plaintiffs enumerate a laundry list of conclusory statements in their attempt to void their Deed of Trust. Specifically, they claim that Reliance First Capital, LLC sold their Promissory Note and Deed of Trust to Merrill Lynch, Pierce, Fenner & Smith, Inc. [Doc. 2], ₱ 19. Following that transfer, the Loan, the Promissory Note and Deed of Trust were purportedly "assigned, transferred and delivered to GNMA 2017-055 Trust, via the custodian of Records, US Bank, NA, including all Secret Liens purportedly securing payment Intangible intervening transfers/ assignments. *Id.* "Plaintiffs further allege that any documents i.e. MERS Assignment of Deed of Trust that purport to transfer a hypothecated beneficial security interest over the Payment Intangible underlying collateral of the Tangible Note or Bill of Exchange to GNMA 2017-055 Trust after the Closing Date April 28, 2017 are void as a matter of law." [Doc. 2], ₱ 20. Importantly DMI is not alleged to be a party to any of these transactions.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

4

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-57). Here, the Plaintiffs have not alleged any facts whatsoever that relate to DMI. *See generally* [Doc. 2]. Without any mention of DMI within the Complaint, the Plaintiffs have clearly failed to state a claim against DMI, and it must be dismissed from this action.

Even assuming for the sake of argument that Plaintiffs' quiet title claim, purportedly asserted against "all defendants named herein," sufficiently references DMI, the claim still fails as a matter of law. Under Mississippi law, "[t]he complainant in a bill to remove clouds and establish title to land has the burden of showing perfect title in himself." *Dixon v. Parker*, 831 So. 2d 1202, 1204 (Miss. Ct. App. 2002) (*citing Culbertson v. Dixie Oil Co.,* 467 So.2d 952, 954 (Miss.1985)).

> "If title has passed out of the sovereign more than seventy-five (75) years prior to the filing of the bill, then the deraignment shall be sufficient if it show title out of the sovereign and a deraignment of title for not less than sixty (60) years prior to the filing of the bill. A mere statement therein that complainant is the real owner of the land shall be insufficient, unless good and valid reason be given why he does not deraign his title." Miss. Code. Ann. § 11-17-35 (West).

Plaintiffs in this case have utterly failed to meet this requirement. Instead, Plaintiffs erroneously conclude that they are "the Superior Recorded owners of the Prime Market Property", a contention which they fail to adequately support with the attachment of any deed. [Doc. 2], ¶ 25. Moreover, even if Plaintiffs had attached any deed vesting title in themselves, it would still be insufficient to meet the

5

requirements that they prove title of the property, for a minimum of 60 years. Without any foundation beyond Plaintiffs' own conclusion, their pleading fails to allege sufficient facts to permit their claim to continue and DMI is entitled to dismissal.

## CONCLUSION

Based upon the foregoing, DMI respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 3rd day of April 2020.

>*/s/ Amanda M. Beckett*
>PETER L. LUBLIN (MS Bar No. 103705)
>AMANDA M. BECKETT (MS Bar No. 102738)
>**RUBIN LUBLIN, LLC**
>428 North Lamar Blvd., Suite 107
>Oxford, MS 39655
>(205) 306-1953 (Telephone)
>(404) 921-9016 (Facsimile)
>abeckett@rubinlublin.com
>
>*Attorneys for Dovenmuehle Mortgage, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 3rd day of April 2020, served all parties the within and foregoing by the United States mail with first class postage affixed thereon to the following addresses:

Marcus Foster
2004 Hummingbird Lane
Tupelo, MS 38801

Rebecca Foster
2004 Hummingbird Lane
Tupelo, MS 38801

George D. Hembree, III
McGlinchey Stafford
1020 Highland Colony Parkway, Suite 702
Ridgeland, MS 39157

Christina Seanor
Bradley Arant Boult Cummings LLP
P.O. Box 1789
Jackson, MS 39215

*/s/ Amanda M. Beckett*
AMANDA M. BECKETT (MS Bar No. 102738)