Marcus Foster
Rebecca Foster
2004 hummingbird lane
tupelo, mississippi [38801]
moerome@bellsouth.net
662-610-0228



FILED
MAY - 5 2020
DAVID CREWS, CLERK
BY_____ Deputy

# IN THE U.S. DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

MARCUS FOSTER )
REBECCA FOSTER ) *CASE NO. 1:19-CV-00201-DMB-DAS*
)
Plaintiffs )
)
v. )
)
RELIANCE FIRST CAP IT AL, LLC; ) **Request for Discover and Brady Request**
DOVENMUEHLE MORTGAGE INC., )
MERRILL LYNCH, PIERCE, FENNER & )
SMITH, INC., US BANK, NA AS )
TRUSTEE FOR SECURITIZED TRUST )
GINNIE MAE GUARANTEED REMIC )
2017-005 TRUST, GINNIE MAE, )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEM (MERS) )
)
Defendants )

    Now comes the alleged plaintiffs, Marcus Foster and Rebecca Foster who hereby requests counsel for the alleged defendants to provide discovery pursuant to Rule 34 MRCP and Rule 47 FRCP. This is also a Brady request. Alleged plaintiffs request this Honorable Court to enter an Order directing the listed defendants to disclose and produce certain evidence which is essential and material to the preparation of the plaintiffs.

1. The names of:

 A. The <u>'trustor'/'grantor'</u> of the property located at 2004 Hummingbird Lane, Tupelo, Mississippi.

 Granted _____  Denied _____

 B. The <u>'trustee(s)'</u> of the property located at 2004 Hummingbird Lane, Tupelo, Mississippi.

 Granted _____  Denied _____

 C. The <u>'beneficiary'</u> of the property located at 2004 Hummingbird Lane, Tupelo, Mississippi.

 Granted _____  Denied _____

 D. The <u>'tenant'</u> of the property located at 2004 Hummingbird Lane, Tupelo, Mississippi.

 Granted _____  Denied _____

 E. The <u>'landlord'</u> of the property located at 2004 Hummingbird Lane, Tupelo, Mississippi.

 Granted _____  Denied _____

 F. The <u>'record owner'</u> of the property located at 2004 Hummingbird Lane, Tupelo, Mississippi.

 Granted _____  Denied _____

 G. The <u>'allodial title holder'</u> of the property located at 2004 Hummingbird Lane, Tupelo, Mississippi.

 Granted _____  Denied _____

2. The name of any witnesses who are experts in the interpretation and application of Federal and Mississippi law the defendants rely on.

 Granted _____  Denied _____

3. Any and all evidence, of the defendants loaning/crediting any money to the plaintiffs.

 Granted _____  Denied _____

4. Who funded the alleged loan?

    Granted _____ Denied _____

5. Evidence of the promissory note signed by the plaintiffs became a liability to the lender.

    Granted _____ Denied _____

6. Copy of the original promissory note/security instrument that was signed.

    Granted _____ Denied _____

7. In the Borrower's covenant the phrase, "…that borrower is lawfully seized of the 'estate' hereby conveyed and has the right to grant and convey the property and that the property is unencumbered except for the incumbrance of record." As written, within the verbiage,

    a. Identify the exact components of the borrower's "estate".

    Granted _____ Denied _____

    b. Does every borrower have an estate?

    Granted _____ Denied _____

    c. If foreclosed upon, is the foreclosure probated through the "estate"?

    Granted _____ Denied _____

    d. If foreclosed upon, does the lender get a tax-free gift from the "estate" if identified as the trustee?

    Granted _____ Denied _____

    e. Is the defendant MERS the agent for the borrower's "estate"?

    Granted _____ Denied _____

8. According to the National Currency Act (AKA the National Banking Act), it is explicitly illegal for a bank to hold title to and own property. Therefore, who is the legal title owner?

    Granted _____ Denied _____

9. The name of the owner of the mortgage investment vehicle (mortgage series).

    Granted _____        Denied _____

10. Evidence of any power of attorney be it known or hidden.

    Granted _____        Denied _____

11. The CUSIP number of the mortgage investment vehicle and alleged mortgage loan.

    Granted _____        Denied _____

12. The actual cash value of the promissory note signed by the borrower.

    Granted _____        Denied _____

13. The actual bank draft issued by the lender to the borrower generated from the signed promissory note and the endorsement signature of the borrower on the bank draft.

    Granted _____        Denied _____

14. Did the bank loan gold or silver to the alleged borrower?

    Granted _____        Denied _____

15. Did the bank loan credit to the alleged borrower?

    Granted _____        Denied _____

16. Did the borrower sign any agreement with the bank, which prevents the borrower from repaying the bank in credit?

    Granted _____        Denied _____

17. Is it true that your bank creates check book money when the bank grants loans, simply by adding deposit dollars to accounts on the bank's books, in exchange, for the borrower's mortgage note?

    Granted _____        Denied _____

18. Has your bank, at any time, used the borrower's mortgage note, "promise to pay", as a deposit on the bank's books from which to issue bank checks to the borrower?

    Granted _____    Denied _____

19. At the time of the loan to the alleged borrower, was there one dollar of Federal Reserve Bank Notes in the bank's possession for every dollar owed in Savings Accounts, Certificates of Deposits and check Accounts (Demand Deposit Accounts) for every dollar of the loan?

    Granted _____    Denied _____

20. According to the bank's policy, is a promise to pay money the equivalent of money?

    Granted _____    Denied _____

21. Does the bank have a policy to prevent the borrower from discharging the mortgage note in "like kind funds" which the bank deposited from which to issue the check?

    Granted _____    Denied _____

22. Does the bank have a policy of violating the Deceptive Trade Practices Act?

    Granted _____    Denied _____

23. When the bank loan officer talks to the borrower, does the bank inform the borrower that the bank uses the borrowers mortgage note to create the very money the bank loans out to the borrower?

    Granted _____    Denied _____

24. Does the bank have a policy to show the same money in two separate places at the same time?

    Granted _____    Denied _____

25. Does the bank claim to loan out money or credit from savings and certificates of deposits while never reducing the amount of money or credit from savings accounts or certificates of deposits, which customers can withdraw from?

  Granted _____  Denied _____

26. Using the banking practice in place at the time the loan was made, is it theoretically possible for the bank to have loaned out a percentage of the Savings Accounts and Certificates of Deposits?

  Granted _____  Denied _____

27. If the answer is "no" to question #26, explain why the answer is no. Regarding question #26, at the time the loan was made, were there enough Federal Reserve Bank Notes on hand at the bank to match the figures represented by every Savings Account and Certificate of Deposit and checking Account (Demand Deposit Account)?

  Granted _____  Denied _____

28. Does the bank have to obey, the laws concerning, Commercial Paper; Commercial Transactions, Commercial Instruments, and Negotiable Instruments?

  Granted _____  Denied _____

29. Did the bank lend the borrower the bank's assets, or the bank's liabilities?

  Granted _____  Denied _____

30. What is the complete name of the banking entity, which employs you, and in what jurisdiction is the bank chartered?

  Granted _____  Denied _____

31. What is the bank's definition of "Loan Credit"?

  Granted _____  Denied _____

32. Did the bank use the borrowers assumed mortgage note to create new bank money, which did not exist before the assumed mortgage note was signed?

  Granted _____  Denied _____

33. Did the bank take money from any Demand Deposit Account (DDA), Savings Account (SA), or a Certificate of Deposit (CD), or any combination of any Demand Deposit Account, Savings Account or Certificate of Deposit, and loan this money to the borrower?

    Granted _____ Denied _____

34. Did the bank replace the money or credit, which it loaned to the borrower with the borrower's assumed mortgage note?

    Granted _____ Denied _____

35. Did the bank take a bank asset called money, or the credit used as collateral for customers' bank deposits, to loan this money to the borrower, and/or did the bank use the borrower's note to replace the asset it loaned to the borrower?

    Granted _____ Denied _____

36. Did the money or credit, which the bank claims to have loaned to the borrower, come from deposits of money or credit made by the bank's customers, excluding the borrower's assumed mortgage note?

    Granted _____ Denied _____

37. Considering the balance sheet entries of the bank's loan of money or credit to the borrower, did the bank directly decrease the customer deposit accounts (i.e. Demand Deposit Account, Savings Account, and Certificate of Deposit) for the loan?

    Granted _____ Denied _____

38. Describe the bookkeeping entries referred to in question #37. Did the bank's bookkeeping entries to record the loan and the borrower's assumed mortgage note ever, at any time, directly decrease the amount of money or credit from any specific bank customer's deposit account?

    Granted _____ Denied _____

39. Does the bank have a policy or practice to work in cooperation with other banks or financial institutions use borrower's mortgage note as collateral to create an offsetting amount of new bank money or credit or check book money or Demand Deposit Account generally to equal the amount of the alleged loan?

    Granted _____ Denied _____

40. Regarding the borrowers assumed mortgage loan, give the name of the account which was debited to record the mortgage. Regarding the bookkeeping entry referred to in Interrogatory #38, state the name and purpose of the account, which was credited. When the borrower's assumed mortgage note was debited as a bookkeeping entry, was the offsetting entry a credit account?

    Granted _____ Denied _____

41. Regarding the initial bookkeeping entry to record the borrower's assumed mortgage note and the assumed loan to the borrower, was the bookkeeping entry credited for the money loaned to the borrower, and was this credit offset by a debit to record the borrower's assumed mortgage note?

    Granted _____ Denied _____

42. Does the bank currently or has it ever at any time used the borrower's assumed mortgage note as money to cover the bank's liabilities referred to above, i.e. Demand Deposit Account, Savings Account and Certificate of Deposit?

    Granted _____ Denied _____

43. When the assumed loan was made to the borrower, did the bank have every Demand Deposit Account, Savings Account, and Certificate of Deposit backed up by Federal Reserve Bank Notes on hand at the bank?

Granted _____    Denied _____

44. Does the bank have an established policy and practice to emit bills of credit which it creates upon its books at the time of making a loan agreement and issuing money or so-called money of credit, to its borrowers?

Granted _____    Denied _____

Submitted this 15th day of April 2020

_____
Marcus Foster

_____
Rebecca Foster

_____ (Witness signature)

U.S. District Court for The Northern District of Mississippi
Aberdeen Division
ATTN: County Court
301 W. Commerce Street
Aberdeen, Mississippi 39730

## CERTIFICATE OF SERVICE

I do certify a copy of the above REQUEST FOR DISCOVERY has been furnished by way of walk-in or certified mail to:

U.S. District Court for The Northern District of Mississippi
Aberdeen Division
ATTN: Office of the Clerk
301 W. Commerce Street
Aberdeen, Mississippi 39730

George D. Hembree, III
McGlinchey Stafford
1020 Highland Colony Parkway, Suite 702
Ridgeland, MS 39157

Christina Seanor
Bradley Arant Boult Cummings LLP
P.O. Box 1789
Jackson, MS 39215

Amanda M. Beckett
Rublin Lublin, LLC
428 North Lamar Blvd., Suite 107
Oxford, MS 39655

On this the __15th__ day of __April__ __2020__

_____
Marcus Foster

_____
Rebecca Foster

P.O. Box 3722
Tupelo, Miss 38803




U.S. POSTAGE PAID
FCM LG ENV
TUPELO, MS
38804
APR 15, 20
AMOUNT
$7.80
R2305H129883-13

1000   39730

U.S. District Court
for the Northern District of Mississippi
Aberdeen Division
ATTN: Office of the Clerk
301 West Commerce Street
Aberdeen, Mississippi 39730



7018 1830 0001 0006 4153

CERTIFIED MAIL

RECEIVED
MAY - 5 2020
United States District Court
Northern District of Mississippi



X-RAYED