IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**MARCUS FOSTER** PLAINTIFFS
**REBECCA FOSTER**

V. NO. 1:19-CV-201-DMB-DAS

**RELIANCE FIRST CAPITAL,**
**LLC, et al.** DEFENDANTS

**ORDER**

  The sufficiency of the claims in Marcus Foster and Rebecca Foster's pro se complaint is challenged in three motions to dismiss now before the Court—one filed by Dovenmuehle Mortgage, Inc., Doc. #16; one filed by Merrill Lynch, Pierce, Fenner & Smith, Inc., Doc. #11; and one jointly filed by Reliance First Capital, LLC and Mortgage Electronic Registration Systems, Inc., Doc. #18. For the reasons explained below, the Fosters' claims will be dismissed without prejudice and the Fosters will be allowed to seek leave to file an amended complaint.

**I**
**Procedural History**

  On July 31, 2019, Marcus and Rebecca Foster filed a pro se complaint in the County Court of Lee County, Mississippi, against Reliance First Capital, LLC; Dovenmuehle Mortgage Inc. ("DMI"); Merrill Lynch, Pierce, Fenner & Smith, Inc.; US Bank, NA as Trustee for Securitized Trust Ginnie Mae Guaranteed Remic 2017-005 Trust; Ginnie Mae; Mortgage Electronic Registration System ("MERS"); and Does 1 through 100. Doc. #2. The complaint, which challenges the propriety of the defendants' asserted rights and interest in the Fosters' home in Tupelo, Mississippi (1) alleges a breach of contract claim against Reliance and MERS; (2) requests that the Court quiet title to the Fosters' home in favor of the Fosters as the "equitable owner" of

the property; and (3) seeks a declaration that title to the property "is vested in Plaintiffs alone." *Id.* at PageID ##41–43.

DMI filed a motion to dismiss in state court on November 15, 2019. Doc. #5-3. On November 18, 2019, Reliance and MERS removed the action to the United States District Court for the Northern District of Mississippi, asserting diversity jurisdiction. Doc. #1. The next day, Reliance and MERS filed an answer. Doc. #6. Both DMI and Merrill Lynch consented to removal. Docs. #8, #9.

On December 9, 2019, and April 3, 2020, respectively, Merrill Lynch and DMI[1] each filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Docs. #11, #16. On April 30, 2020, Reliance and MERS filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c). Doc. #18. The Fosters did not respond to any of these motions.

On May 7, 2020, the Clerk of the Court notified the Fosters that the court file did not show service of a summons on US Bank or Ginnie Mae. Doc. #21. In response, on June 8, 2020, the Fosters filed a series of documents purporting to show service on the various defendants. Doc. #28. These documents include an affidavit (signed by a process server but not notarized) that U.S. Bank National Association was served on November 12, 2019. *Id.* at PageID #281. On July 20, 2020, the Fosters filed an affidavit purporting to show service on Ginnie Mae on July 7, 2020.[2] Doc. #29 at PageID #299.

On July 30, 2020, the Fosters filed a series of exhibits which, except for three,[3] are listed

---

[1] DMI's motion notes that it filed a pre-removal motion to dismiss in state court but filed a post-removal "revised" motion to dismiss in this federal court "due to the change in pleading rules between state and federal court." Doc. #16 at 1 n.1. It appears the state court motion was not adjudicated pre-removal. To the extent it has not been withdrawn by DMI, it is denied as moot.

[2] The affidavit represents that "[p]er COVID-19 service of process protocol, service was completed by mailing a copy of the documents listed herein to Ginnie Mae." Doc. #29 at PageID #299.

[3] In evaluating the pending motions, the Court considers only the exhibits referenced in the complaint.

in the complaint but previously had not been filed by the Fosters because the state court had instructed the Fosters "not to submit any exhibits until actual trial." Doc. #30 at PageID#303.

## II
## Standard of Review

Merrill Lynch and DMI seek dismissal under Rule 12(b)(6), and Reliance and MERS seek dismissal under Rule 12(c). Although Rule 12(c) motions by name are motions for judgment on the pleadings, Rule 12(h)(2) allows a party who has already filed an answer to seek dismissal for failure to state a claim through a motion under Rule 12(c). Fed. R. Civ. P. 12; *see* 5c CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d. ed. 2020) ("The Rule 12(c) motion may be employed by the defendant as a vehicle for raising several of the defenses enumerated in Rule 12(b) after the close of the pleadings."). "The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019).

> To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement for relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level. In ruling on a Rule 12(b)(6) motion, we may consider the contents of the pleadings along with any attachments.

*Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (citation omitted). "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

While the Fosters initially failed to file the exhibits referenced in their complaint, Merrill Lynch included a copy of the deed of trust as an exhibit to its motion to dismiss. Doc. #11-3. The Fosters also filed a copy of the deed of trust. Doc. #30-2. Because the deed of trust is referenced in the complaint, is listed in the complaint as an exhibit, and is central to the Fosters' claims

3

Bank, NA." *Id.* Thus, the note was sold to the GNMA 2017-005 Trust but "[t]here is no contemporaneous assignment of Plaintiffs' Deed of Trust to the Trustee of the GNMA 2017-055 Trust." *Id.* at PageID #41.

## IV
## Analysis

### A. DMI's Motion

DMI argues that the Fosters' complaint fails to state a claim against it because the "sole mention of DMI in the entire pleading is within the case style and no substantive reference is made to DMI whatsoever." Doc. #17 at 3.

DMI is listed in the caption of the complaint but nowhere in the complaint do the Fosters assert any factual allegations against DMI—they do not even include DMI in the detailed listing of the parties to the action. Doc. #2 at PageID ##36–37. As such, the Fosters have not stated a right to relief against DMI. DMI's motion to dismiss will be granted.

### B. Breach of Contract Claim Against Reliance and MERS

The Fosters' complaint alleges that Reliance was "paid in full when it sold and relinquished its interest in Plaintiffs' real property to Depositor" and that Reliance, "and specifically MERS, their electronic agent," "failed to satisfy, release and reconvey the security instrument, thus breaching the terms found in paragraph 23 of the Deed of Trust."[5] *Id.* at PageID #41–42. Reliance and MERS argue that the Fosters' breach of contract claim against them must be dismissed because the deed of trust's language does not support the Fosters' allegation that MERS was required to cancel the deed of trust after Reliance sold its interest in the loan to a third party. Doc. #19 at 6.

---

[5] Paragraph 23, referenced in the complaint, deals with substituting a trustee. Doc. #11-3 at ¶ 23. The information regarding release is actually found in paragraph 22. *Id.* at ¶ 22.

5

Under Mississippi law,[6] the elements of breach of contract are (1) the existence of a valid and binding contract and (2) breach of the contract by the defendant. *Norman v. Anderson Reg'l Med. Ctr.*, 262 So. 3d 520, 527 (Miss. 2019).

Reliance and MERS do not dispute that the deed of trust is a valid and binding contract. The deed of trust defines "Borrower" as the Fosters and provides that the "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note." Doc. #11-3 at PageID #191, #193. It also provides that "[u]pon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument." *Id.* at PageID #199.

The Fosters do not allege that they have completed their repayment obligation. Instead, they seem to assert that Merrill Lynch satisfied their debt by purchasing the Note. *See* Doc. #2 at PageID ##38–39. However, the language of the deed of trust requiring payment by the Fosters does not support this assertion. Doc. #11-3 at PageID #193. Additionally, because the deed of trust provides that the "Note or a partial interest in the Note … can be sold one or more times without prior notice to Borrower," *id.* at PageID #198, it explicitly authorizes the sale of the Note without altering the Fosters' obligation to pay the debt. Further, though the Fosters allege that the "Note and Deed of Trust are irreparably separated," Doc. #2 at PageID #41, this "theory finds no support in Mississippi law and has been repeatedly discredited," *Greene v. Indymac Bank, FSB*, No. 3:12cv347, 2012 WL 5414097, at *2 (S.D. Miss. Nov. 6, 2012) (internal quotation marks omitted) (collecting cases). The Fosters have thus failed to allege sufficient facts to support a breach of contract claim against Reliance and MERS such that dismissal is appropriate.

---

[6] In this diversity action, the Court applies the law of the forum state. *84 Lumber Co. v. Continental Cas. Co.*, 914 F.3d 329, 333 (5th Cir. 2019).

### C. Quiet Title

The complaint asks the Court "to quiet title" to the subject property and prevent the defendants "from asserting any adverse claim to Plaintiff's title to the property." Doc. #2 at PageID #42.

A quiet title action is a suit "in which a plaintiff not only challenges someone else's claim, but also asserts his own right to disputed property." *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 217 (2012). A suit to quiet title is an action to remove a cloud from a title. *Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013). Under Mississippi law, a party seeking to remove a cloud from title must "set forth in plain and concise language the deraignment of his title." Miss. Code Ann. § 11-17-35. "A mere statement … that complainant is the real owner of the land shall be insufficient, unless good and valid reason be given why he does not deraign his title." *Id*. A plaintiff's deraignment of title "must show title in himself from the government down, or … must show title by adverse possession … or he must show title from the defendant, or that both derive their claim from a common source, and that his is the better title from that source." *Barham v. Miss. Power Co.*, 266 So. 3d 994, 995 n.1 (Miss. 2019) (internal quotation marks omitted). When a complaint contains nothing more than a mere statement of ownership, dismissal of a quiet title claim is appropriate. *See Greene*, 2012 WL 5414097, at *5.

The Fosters' complaint and exhibits do not include any proof of ownership or any attempt to show deraignment of the property's title. Because the Fosters have failed to offer more than a mere statement that they own the property to which they seek to quiet title, dismissal of the claim is appropriate.

### D. Declaratory Relief

The Fosters' request for declaratory relief seeks a "judicial determination of the rights, obligations and interest of the parties regarding the subject property." Doc. #2 at PageID #43. The Fifth Circuit has found that the "Declaratory Judgment Act, which authorizes a federal court to declare the rights and other legal relations of any interested party seeking such declaration, is merely a procedural device and does not create any substantive rights or causes of action." *Smitherman v. Bayview Loan Servicing, LLC.*, 727 F. App'x 787, 792 (5th Cir. 2018) (quotation marks omitted). When an underlying claim for relief is dismissed, it is appropriate to also dismiss a claim for declaratory relief. *See id.* (upholding dismissal of requests for declaratory relief when no viable cause of action was asserted against the defendant). Because the Court has concluded that the Fosters' other claims against Reliance, MERS, and Merrill Lynch will be dismissed, the accompanying claims for declaratory relief will also be dismissed.

### E. Nature of Dismissal

As explained above, dismissal of the claims against Reliance, MERS, Merrill Lynch, and DMI is warranted due to the Fosters' failure to satisfy the Rule 12(b)(6) standard. The motions to dismiss seek dismissal of the Fosters' pro se complaint with prejudice. Doc. #11 at 2; Doc. #16 at 1; Doc. #18 at 2.

> When the dismissal of a pro se complaint is appropriate, it should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint. However, a district court may dismiss with prejudice if the plaintiff has been given adequate opportunity to cure the inadequacies in his pleading or if the pleadings demonstrate that the plaintiff has pleaded his best case.

*Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017) (cleaned up). When the plaintiffs are "given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuse[] to do so, then the district court is justified in dismissing the

8

complaint with prejudice." *Rodriguez v. United States*, 66 F.3d 95, 98 (5th Cir. 1995) (affirming dismissal with prejudice where plaintiffs did not respond to the defendant's motion to dismiss or seek to amend the complaint in the three hundred and twenty-seven days between the filing of the motion and the court's dismissal).

Because the Fosters failed to respond to the motions to dismiss their pro se complaint, it is unclear whether they have presented their best case. Accordingly, dismissal will be without prejudice and the Fosters will be allowed an opportunity to seek leave to file an amended complaint.

### F. U.S. Bank and Ginnie Mae

The Fosters' complaint includes U.S. Bank and Ginnie Mae only in its allegations regarding the quiet title and declaratory relief claims. Doc. #2 at PageID ##42–43. Though U.S. Bank and Ginnie Mae have not appeared in this action, the Court concludes that the claims alleged against them should also be dismissed without prejudice.

"[A] district court may dismiss a claim on its own motion as long as the procedure employed is fair." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (internal quotation marks omitted). Dismissing a complaint without prejudice provides the fair procedure required. *Id.* at n.1.

As explained above, the Fosters' quiet title claim fails due to their failure to offer more than a mere statement of their ownership of the property. Because this analysis is not specific to the individual defendants but based on the Fosters' overall failure to include sufficient allegations in the complaint, dismissal of the quiet title claim against U.S. Bank and Ginnie Mae is appropriate. Without a viable quiet title claim against U.S. Bank and Ginnie Mae, dismissal of the declaratory relief claim against them is also proper for the same reasons above.

# V
# Conclusion

Merrill Lynch's motion to dismiss [11], DMI's motion to dismiss [16], and MERS and Reliance's motion to dismiss [18] are **GRANTED in Part and DENIED in Part**. The motions are GRANTED to the extent they seek dismissal but DENIED to the extent they seek dismissal with prejudice. The claims against all defendants are **DISMISSED without prejudice**. The Fosters, however, may file a motion to amend their complaint within fourteen (14) days of the date of this order.

**SO ORDERED**, this 3rd day of September, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**