IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**MARCUS FOSTER**                                                                           **PLAINTIFFS**
**REBECCA FOSTER**

V.                                                                           NO. 1:19-CV-201-DMB-DAS

**RELIANCE FIRST CAPITAL,**
**LLC, et al.**                                                                          **DEFENDANTS**

### ORDER

On September 3, 2020, after finding that Marcus Foster and Rebecca Foster's pro se complaint failed to state a claim against any of the defendants, the Court, on the defendants' motion, dismissed the claims against all defendants without prejudice and allowed the Fosters fourteen days—until September 17, 2020—to file a motion to amend their complaint. Doc. #33 at 10. On September 18, 2020,[1] Marcus filed a motion requesting "an extension in order to get the necessary information … to construct a comprehensive amendment." Doc. #35.[2] Dovenmuehle Mortgage Inc. ("DMI") opposes the request. Doc. #37.

Federal Rule of Civil Procedure 6 provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>     (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>     (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). Because Marcus did not file his motion until one day after the deadline

---

[1] The request for the extension is in a document dated September 14, 2020. Doc. #35. However, the document was not received by the Clerk of Court until September 18, 2020. *See* Doc. #36 at PageID #580. Because a "paper not filed electronically is filed by delivering it … to the clerk," the date the document was received by the Clerk of Court controls. Fed. R. Civ. P. 5(d)(2).

[2] Marcus also asks that the Court send "all correspondences to the above listed interim address." Doc. #35. The address listed for Marcus has been updated to the "interim address" set forth in the document.

set by the September 3 order, he must show both good cause and excusable neglect. Relevant factors in determining whether a party has shown excusable neglect include "(1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (internal quotation marks omitted). A court enjoys "broad discretion" in deciding whether to grant an extension. *Id.*

As grounds for the extension, Marcus represents that he did not receive a copy of the September 3 order at his "current interim address" in Nevada until September 14, 2020, and that "three (3) days will not be of sufficient time for me to assemble [an] amended complaint." Doc. #35. DMI argues that Marcus fails to demonstrate excusable neglect because he did not notify the Court or the parties of a change of address, he does not indicate how much time he is requesting, and he does not indicate how he received his mail in Nevada or why Rebecca, whose address is still listed in Mississippi, could not have alerted him to the fourteen-day deadline. Doc. #37 at 2–4. As Marcus has not presented any argument that his failure to file a motion to amend the complaint within the deadline set by the Court was due to excusable neglect, his motion for an extension [35] is **DENIED without prejudice**. Within fourteen (14) days of this order, Marcus may renew his request for an extension to the extent he is able to demonstrate excusable neglect.[3]

**SO ORDERED**, this 8th day of October, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Any request for an extension by Marcus does not serve as a request by Rebecca.

2